1  Stephen M. Dichter, 004043
   sdichter@cdslawfirm.com
2  Justin R. Vanderveer, 037657
3  jvanderveer@cdslawfirm.com
   CHRISTIAN DICHTER & SLUGA, P.C.
4  2800 North Central Avenue, Suite 860
   Phoenix, Arizona 85004
5  Telephone: (602) 792-1700
6  Facsimile: (602) 792-1710

7  Attorneys for Defendant David Harbour

8

9  **IN THE UNITED STATES DISTRICT COURT**

10  **FOR THE DISTRICT OF ARIZONA**

11  United States of America,                    Case No. 2:19-cr-00898-DLR (DMF)

12                          Plaintiff,           **DEFENDANT DAVID A.**
                                                 **HARBOUR'S ADDITIONAL**
13      vs.                                      **PROPOSED JURY INSTRUCTIONS**
                                                 **WITH AUTHORITY**
14  David Allen Harbour,

15                          Defendant.

16

17      David Allen Harbour (Defendant) submits the following additional proposed jury

18  instructions. The 5-day shortening of the deadline made it impossible for the Defense to

19

20  submit authority for all the proposed defense instructions by the new deadline, but the

21  defense was able to include most of them in the joint list. Defendant now files

22

23  supplemented and modified versions of the proposed instructions previously submitted

24  without authority for the Court's review.  Hopefully, the fact that these instructions will

25  not be given to the jury until about 8 weeks hence will cause the Court to consider them.

26

27

28

**Documents as Controlling (Modified):**

In this case, every person who either loaned money or invested money did so through a set of written documents, that is through a contract.

You are instructed that, notwithstanding how the lawyers in this case may characterized the persons who loaned money to, or, alternatively, invested money with Defendant or his entities, whether that person was a lender or an investor is determined by the documents signed by the parties and not by the characterization given to the transaction by the lawyers.

A contract is an agreement between two or more persons or entities. For a contract to exist, there must be an offer, acceptance of the offer, consideration, and terms sufficiently specific so that the obligation[s] created by the contract can be determined.

To find that the parties had a contract, you must find that they each intended to be bound by the agreement, and that they made that intention known to the other party.

Authority: Arizona RAJI, 7th; Contract 3 (Modified); Savoca Masonry Co. v. Homes & Son Constr. Co., 112 Ariz. 392, 394 (1975); K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n, 139 Ariz. 209, 212 (App. 1983); RESTATEMENT (SECOND) OF CONTRACTS § 1 (1981); VIRGINIA MODEL JURY INSTRUCTIONS−CIVIL, 45.010 (1993)

**Role of Lenders or Investors Own Counsel: Construction Against the Party Choosing the Words:**

You have heard evidence that certain lenders and investors used their own counsel to draft in whole or to modify in part the documents used to define the agreements being reached with Defendant or his entities. A lender or investor who engages counsel to draft or modify transactional documents cannot blame the Defendant for that which his or her own counsel authorized Defendant to do. She or he can blame his or her own counsel.

Construction Against the Party Choosing the Words You may find that, even after you have determined and considered the surrounding facts and circumstances, what the parties intended a particular written provision to mean is still not clear to you. If, and only if, you have determined and considered the facts and circumstances surrounding the formation of the contract and still cannot determine which of the possible, reasonable meanings was intended by the parties, you should apply the following rule of law: In choosing between the possible meanings of language in a written agreement, the meaning that operates against the interests of the party who supplied the words is generally the preferred meaning

Authority: Arizona RAJI, 7th, Contract 27 (Modified). This is a slightly modified version of RESTATEMENT (SECOND) OF CONTRACTS § 206 (1981)

### **Affirmative Misrepresentation as a Basis for Fraud:**

If a borrower fills out a loan application in connection with seeking to obtain a loan, the borrower must scrupulously, honestly, and fully answer the questions that have asked and provide any and all documentation that has been required by the lender. A willful failure to do so may constitute a fraud by material misstatement.

Authority: *See,* 18 U.S.C. § 1014.

### **Drafting of Pujanza Amended and Restated Operating Agreement: Construction Against the Party Choosing the Words**

You have heard evidence unrebutted by the government that Mark Burg's own counsel received a draft Pujanza Operating Agreement from Defendant and that counsel redrafted the Operating Agreement to permit the fund manager, who was the Defendant, to borrow money from Pujanza. You are therefore instructed that, if the Defendant did no

1   more than what Mr. Burg's counsel had authorized the fund manager to do, no diversion

2   of any of Mr. Burg's funds had occurred. And, in this regard, you are reminded, again,

3
4   that all money received into a company is fungible with all other money in the

5   company.

6   Authority: Arizona RAJI, 7th, Contract 27 (Modified). This is a slightly modified
    version of RESTATEMENT (SECOND) OF CONTRACTS § 206 (1981)
7

8   **<u>Interpretation That Points to Defendant Being Not Guilty:</u>**

9   If the evidence permits two reasonable interpretations, one of which points to the

10  Defendant's guilt and the other to the Defendant being not guilty, you must adopt the

11
12  interpretation that points to the Defendant being not guilty and reject that interpretation

13  that points to his guilt.

14  If, on the other hand, one interpretation of this evidence appears to you to be

15  reasonable and the other interpretation is unreasonable, you must accept the reasonable

16
17  interpretation and reject the unreasonable.

18  Authority: "Proof beyond a reasonable doubt is proof that leaves you firmly
    convinced the defendant is guilty." Manual of Model Criminal Jury Instructions 6.5.
19

20  **<u>Fraud as Determined When Conduct is Engaged In:</u>**

21  Whether or not the Defendant willfully intended to defraud a victim is determined

22  as of the time the Defendant allegedly devised the scheme and artifice to defraud. In other

23
24  words, to find the Defendant guilty of wire fraud or mail fraud, you must find beyond a

25  reasonable doubt that, at the time that the Defendant received money or property from the

26  alleged victim, he intended to defraud the victim of the money or property.

27
28

4

1
2
3
4
5

Future events that may have caused the Defendant to not be able to repay loaned money loaned to the Defendant are not badges of fraud, they are badges of other supervening events and while they may leave the Defendant indebted to the alleged victim, the failure to repay the alleged victim is not evidence of a crime.

6
7
8
9
10

To find the Defendant guilty of wire and/or mail fraud, along with everything else you must find, it is required that you find, beyond a reasonable doubt, that when the Defendant received the money from the alleged victim, he never intended to repay the money that he had received.

11
12
13
14

Authority: Completion of wire fraud is defined to be the time at which benefits induced through the predicate fraudulent act are gained. *United States v. Sebero*, No. 08-CR-185-JLQ, 2009 WL 720953, at *2 (E.D. Wash. Mar. 16, 2009), *citing to Carroll v. United States*, 326 F.2d 72, 86 (9th Cir. 1963). Each transmission of a wire is a separate offense and carries its own statute of limitations. *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001).

15
16

**Failure to Repay a Debt:**

17
18
19
20

It is not disputed that the Defendant borrowed money from certain lenders in this case. The mere failure to repay a lender according to the terms of a promissory note does not constitute a crime, because, if it did, every person who failed to repay a loan according to its terms would be deemed guilty of fraudulent conduct and/or theft.

21
22

Authority:  11 U.S.C. §101, *et. seq.*

23

**Bank Fraud – Receipt and Materiality:**

24
25
26
27
28

Defendant is charged with bank fraud in Count 28.  In order for an instrument to be deemed material, in connection with an alleged bank fraud, it must have actually been received by the alleged victim bank, the victim must be included in the types of institutions described under the applicable statute, and the document must have been

1  material to the decision of the bank to have loaned the money that is the subject of Count

2  28.

3
4  In this case there is no evidence that an allegedly false gift letter in the amount of

5  approximately $240,000 was ever received by Equitable Home Mortgage and, as a

6  consequence, you may not find Defendant guilty of bank fraud based upon the

7  aforementioned gift letter because the gift letter was never presented.

8
9  A statement or representation is "material" if it has a natural tendency to

10  influence *or* is capable of influencing a decision or action of a financial institution.

11  To be "material" it is not necessary that the statement or representation, in fact,

12  influence or deceive.  However, it is necessary that the statement or representation be

13  received.

14
15  Authority:  1A Fed Jury Prac. & Instr. §16:11 (6th Ed.)

16  The Supreme Court, in United States v. Gaudin, 515 U.S. 506, 509, 115 S. Ct. 2310,
   2313, 132 L. Ed. 2d 444 (1995), ruled that the jury must determine the materiality of a
17  false statement and defined materiality as follows:

18
   Material statements are those that have a natural tendency to influence, or are capable of
19  influencing, the decision of the decision making body to which it was addressed.

20
   Utilizing the same definition as set fourth in Gaudin, the Supreme Court held that
21  "materiality is an element of a 'scheme or artifice to defraud' under the federal mail fraud
   (18 U.S.C.A. § 1341), wire fraud (§ 1343), and bank fraud (§ 1344) statutes." Neder v.
22  United States, 527 U.S. 1, 3, 119 S. Ct. 1827, 1830, 144 L. Ed. 2d 35 (1997).

23
   **Negative Inference Against Government from Failure to Produce Evidence:**
24
25  In this case, the government has been in a position to have recorded every single

26  communication made by the Defendant to his wife since December 2021.

27

28

6

1
2
3
4

The government has also alleged that certain communications were made in January and February, 2022 by Defendant's wife to a government witness, Bart Shea, that were allegedly received by her from the Defendant to be passed along to Bart Shea.

5
6

The government has never produced a recorded communication between the Defendant and his wife in which such a conversation was recorded.

7
8
9

The failure of the government to produce the recorded conversation entitles you, the jury, to determine that such a communication never occurred.

10
11
12
13
14
15

Authority:  *In re National Audit Defense Network*, 367 B.R. 207, 216-217 (D. Nev. 2007) (("[I]n certain circumstances, a negative inference arises from a defendant's failure to produce documents shown to have been in his possession. The inference is that the documents would have been damaging to the [party who withheld them]. This adverse inference rule is applicable when the following factors are present: (1) it appears that the documentary evidence exists or existed; (2) the suppressing party has possession or control of the evidence; (3) the evidence is available to the suppressing party, but not to the party seeking production; (4) it appears that there has been actual suppression or withholding of evidence.")

16

### **Impracticability (Commercial Frustration)**

17
18
19
20
21
22
23
24
25
26
27
28

Defendant claims that it became impracticable to perform the contract with the lenders in the payday lending portion of the case and Mark Burg, the sole investor.  A party can be excused from performing the contract if that performance became impracticable after the contract was made due to circumstances beyond the party's control. "Impracticable" means extreme and unreasonable difficulty, expense, injury, or loss to the party claiming it. This means something more than that the performance would have been somewhat more difficult or costly. On the other hand, it does not mean that performance was absolutely impossible. The occurrence of a reasonably foreseeable event cannot render performance impracticable. In determining whether an event was

1   reasonably foreseeable, you may consider the contract itself and the circumstances

2   surrounding the making of the contract.

3

4   Authority: RAJI 7ᵗʰ (Modified);   Contract 29 Mobile Home Estates v. Levitt
    Mobile Home Systems, 118 Ariz. 219, 222 (1978); Garner v. Ellingson, 18 Ariz. App.

5   181, 182 (1972); 7200 Scottsdale Road General Partners v. Kuhn Farm Machinery, 184
    Ariz. 341, 345 (App. 1995). RESTATEMENT (SECOND) OF CONTRACTS § 261, and

6   cmt. d & Illustration 6 (1981); A.R.S. § 47-2615 (UCC § 2-615); VIRGINIA MODEL
    JURY INSTRUCTIONS− CIVIL, 45.450 (1988 ed. 1993). USE NOTE: A related

7   doctrine to impracticability is the doctrine of frustration of purpose.

8

9   The events contemplated by the rule of impracticability are usually "acts of God"
    or acts of third parties. RESTATEMENT (SECOND) OF CONTRACTS § 261 cmt. d

10  (1981). However, when a party promises to perform and that performance depends on a
    third party's actions, and those actions do not occur, this rule does not apply because the

11  promisor is considered to have assumed the risk that the third party might not take those
    actions. Id. at cmt. f

12

13

    RESPECTFULLY SUBMITTED this 6ᵗʰ day of January 2023.

14

15                          CHRISTIAN DICHTER & SLUGA, P.C.

16                          By: /s/ Stephen M. Dichter
                                Stephen M. Dichter
17                              Justin R. Vanderveer
                                2800 North Central Avenue, Suite 860
18                              Phoenix, Arizona 85004
                                Attorneys for Defendant David A. Harbour
19

20

21                  **CERTIFICATE OF SERVICE**

22          I hereby certify that on January 6, 2023 I electronically transmitted the attached
    document to the Clerk's Office using the CM/ECF system for filing and for transmittal
23  of Notice of Electronic Filing to the following CM/ECF registrants:

24
    Kevin M. Rapp
25  Kevin.rapp@usdoj.gov
    Coleen Schoch
26  Coleen.schoch@usdoj.gov
    U.S. Attorney's Office
27  40 N. Central Avenue, Suite 1800

28

                                    8

1  Phoenix, AZ 85004
   Attorney for Plaintiff
2

3

4  /s/ Yvonne Canez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28